UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60045-CV-MARTINEZ
(16-60148-CR-HURLEY)
MAGISTRATE JUDGE REID

WILLIAM GONZALEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

This matter is before the Court on Movant's *pro se* motion to vacate, filed pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his 18 U.S.C. § 924(c) conviction and enhanced sentence for brandishing a firearm in relation to a crime of violence, entered following a guilty plea in Case No. 16-60148-CR-HURLEY. [CV ECF 1, p. 5].

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-2; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Plaintiff initially filed his § 2255 motion in January 2018, arguing that his lawyer was ineffective for failing to argue that the Supreme Court's decisions in *Johnson*[1] and *Mathis*[2] invalidated his § 924(c) conviction. [CV ECF 1]. The previous Magistrate Judge issued a report recommending that Movant's motion be denied. The District Court Judge overruled that report as moot, and returned the case to the Magistrate Judge for further reconsideration based on further developments in the state of the law. [CV ECF 19].

Since the filing of Movant's motion, the law as it relates to his case has continued to evolve, namely, the determination by the Supreme Court of the United States that the residual clause of 18 U.S.C. § 16(b) (a provision of the criminal code incorporated into the Immigration and Nationality Act) is void for vagueness. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Similar challenges to the residual clause of § 924(c) have made their way through the federal courts (*e.g. Ovalles v. United States*, 905 F.3d 1300 (11th Cir. 2018)). It is now settled that the residual clause of § 924(c) is, indeed, unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019). Nevertheless, because *Davis* invalidated only the residual clause in

---

[1] As everyone is well-aware, in *Johnson v United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause was unconstitutionally vague, and that imposing an enhanced sentence pursuant to that clause thus violates the Constitution's guarantee of due process.

[2] In *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court held that a prior conviction does not qualify as a predicate violent felony offense under the ACCA if an element of the crime of conviction is broader than an element of the generic offense.

§ 924(c)(3)(B), which does not affect Movant's conviction or sentence, Movant is not entitled to habeas relief.

## II.     Claim

Movant's sole claim is that his lawyer was ineffective for failing to argue that his 18 U.S.C. § 924(c) conviction and enhanced sentence is invalid because the residual clause is void for vagueness. [CV ECF 1].

## III.     Relevant Procedural History

Movant was charged by indictment with two counts of carjacking (Counts 1 and 4), in violation of 18 U.S.C. § 2119(1), one count of kidnapping (Count 2), in violation of 18 U.S.C. § 1201(a)(1), and two counts of brandishing a firearm in furtherance of a crime of violence (Counts 3 and 5), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [CR ECF 13]. Movant entered into a negotiated, written plea agreement with the government, agreeing to plead guilty as charged to Counts 1, 2, 4 and 5. [CR ECF 31].

The Court accepted Movant's guilty plea and sentenced him to a total term of 156 months imprisonment on Counts 1, 2 and 4 to run concurrently, and 84 months as to Count 5, to run consecutively to the sentences imposed in Counts 1, 2 and 4. [CR ECF 30; 43]. Movant's motion to voluntarily dismiss his ensuing appeal was granted by the Eleventh Circuit Court of Appeals. [CR ECF 46]. Thus, Movant's judgment of conviction became final on **April 24, 2017**, ninety days after the

appellate court dismissed his direct appeal, when time for seeking certiorari review with the Supreme Court of the United States expired. *See United States v. Gentry*, 432 F.3d 600, 604 n. 2 (5th Cir. 2005).

In January 2018, Movant timely filed the instant motion challenging his enhanced sentence under § 924(c). [CV ECF 1]. At the time of Movant's filing, the Eleventh Circuit had recently held in *Ovalles v. United States*, that the rule of *Johnson* did not apply or extend to invalidate the residual clause of § 924(c). 861 F. 3d 1257 (11th Cir. 2017). In light of *Ovalles*, the previous Magistrate Judge issued a report recommending denial of Movant's motion. [CV ECF 10]. However, while the report was pending before the District Court Judge, the Eleventh Circuit vacated its panel decision in *Ovalles* to rehear the case *en banc*. 889 F.3d 1259 (11th Cir. 2018). The Eleventh Circuit then issued its opinion: as interpreted to embody a conduct-based approach, § 924(c)(2)(B) was not unconstitutionally vague. *Ovalles v. United States*, 905 F.3d 1231, 1252 (11th Cir. 2018). As such, the District Court Judge denied the report as moot and resubmitted Movant's motion to the Magistrate Judge for further reconsideration. [CV ECF 19].

With the Supreme Court's issuance of its most recent decision in *United States v. Davis* finding the residual clause of § 924(c) void for vagueness, the Undersigned reconsiders the § 2255 motion [CV ECF 1] below.

### IV. Standard of Review of Section 2255 Motions

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). A § 2255 motion may not be a substitute for a direct appeal. *Id*. (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986),

provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." *Frady*, 456 U.S. at 152; *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. This is because "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166 (rejecting the plain error standard as not sufficiently deferential to a final judgment). Under § 2255, unless "the motion and the files and records of the case conclusively show that the

6

prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). *See also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

## V.     Threshold Issue - Timeliness

The Respondent correctly concedes that the instant motion [CV ECF 1] is timely pursuant to 28 U.S.C. § 2255(f), having been filed less than a year from the date on which Movant's judgment of conviction became final. [CV ECF 8, p. 2].

## VI.     Discussion

*Movant's Section 924(c) Conviction is Supported by a Predicate Offense*

Section 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a drug trafficking crime or crime of violence or possesses a firearm in furtherance of such crimes, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device)

7

>    for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
>    (i)     be sentenced to a term of imprisonment of not less than 5 years;
>
>    (ii)    if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
>    (iii)   if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

The term "crime of violence" is defined in two subparts: the elements clause § 924(c)(3)(A) and the residual clause § 924(c)(3)(B). Pursuant to the elements clause, a "crime of violence" is "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). The residual clause defined the crime as "an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The residual clause of § 924(c)(3) was found to be void for vagueness in *Davis*.

Because the remainder of the statute remains intact, a criminal defendant properly remains subject to § 924(c) where the companion offense is carjacking under 18 U.S.C. § 2119. *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). This is so because federal carjacking qualifies as a "crime of violence" under the elements

8

clause. *Id*. (finding that because the carjacking statute has an element "requiring that one take or attempt to take by force and violence or by intimidation" it falls under the elements clause); *see also United States v. Reed*, No. 18-11680, 2019 WL 2523483 *6 (11th Cir. Jun. 19, 2019); *Banks v. United States*, 770 F. App'x 946, 948 (11th Cir. Apr. 25, 2019).

Here, Movant's § 924(c) conviction was predicated on his carjacking offense as set forth in Count 4 of the Indictment. [CR ECF 13, p. 3]. This offense is a "crime of violence" under § 924(c)'s elements clause to which Movant pled guilty. [CR ECF 43]. Thus, *Davis*, which invalidated only the residual clause in § 924(c)(3)(B) does not affect Movant's conviction or sentence. Counsel cannot be faulted for failing to raise this meritless void-for-vagueness argument with the District Court. *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001). Therefore, Movant's motion is due to be DENIED.

### VII. Fundamental Miscarriage of Justice – Actual Innocence

Movant also appears to assert an actual innocence claim in previously filed objections to the former magistrate judge's reports. [CV ECF 1, p. 5]. Courts have "equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition." *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013). However, "[t]he miscarriage of justice exception…applies to a severely confined category: cases in which new

evidence shows 'it is more likely than not that no reasonable juror would have convicted [the movant].'" *Id.* at 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 303 (1995)). This type of claim is commonly referred to as an "actual innocence" claim. *McQuiggin*, 569 U.S. at 392 (citation omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Johnson v. Fla. Dep't Of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Bousley*, 523 U.S. at 623). "Actual innocence claims must also be supported 'with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008) (*per curiam*) (quoting *Schlup*, 513 U.S. at 324).

Movant bears the burden to adequately allege actual innocence. *Schlup*, 513 U.S. at 327. Furthermore, Movant bears the overall burden of proof under § 2255. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases).

Movant's actual innocence claim fails. Movant admitted his guilt when he pled guilty to the charges. Rather, Movant's claim is one of legal insufficiency -- that § 924(c) is unconstitutionally vague. Movant has not made the threshold showing of actual innocence nor presented sufficient evidence to undermine the

10

Court's confidence in the outcome of his criminal proceedings. *See Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 531-32 (11th Cir. 2009) (unpublished).

Consequently, this § 2255 motion should be DENIED on the merits.

### VIII. Evidentiary Hearing

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Townsend v. Sain*, 372 U.S. 293, 307 (1963); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (holding that § 2255 does not require that the district court hold an evidentiary hearing every time a Section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

### IX. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a

certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the District Court Judge in objections.

## X. Recommendations

Based on the foregoing, it is recommended that the motion to vacate [CV ECF 1] be DENIED on the merits, that no certificate of appealability issue, and, that this case be CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo*

determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 2nd day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: William Gonzalez
13222-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE

Jodi Anton
U.S. Attorney's Office
500 E. Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394
954-660-5692
Fax: 954-356-7336
Email: jodi.anton@usdoj.gov