UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-60045-CV-MARTINEZ
(16-CR-60148-DTKH)

WILLIAM GONZALEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THE MATTER** was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on Movant's *pro se* motion to vacate, pursuant to 28 U.S.C. § 2255. (DE 2, 20). Movant's sole claim is that his lawyer was ineffective for failing to argue that his 18 U.S.C. § 924(c) conviction and enhanced sentence (Count 5) is invalid because the residual clause is void for vagueness. (DE 1).

Magistrate Judge Reid filed a Report and Recommendation ("R&R") concluding that the motion should be denied on the merits. (DE 23). In particular, Judge Reid concluded that, although "it is now settled that the residual clause of § 924(c) is, indeed, unconstitutionally vague" pursuant to *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019), "*Davis* . . . does not affect Movant's conviction or sentence" since Movant's Section 924(c) conviction is supported by a predicate offense, namely, carjacking, which is a crime of violence under the "elements clause" of § 924(c)(3)(A) rather than the unconstitutional "residual clause" of § 924(c)(3)(B). (*Id*. at 8-9 (citing *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (holding that federal carjacking was a crime of violence under the elements clause of § 924(c)(3)(A))).

Movant retained counsel to file objections to the R&R. (DE 27). However, the objections did not address the Magistrate's conclusions regarding the lone ineffectiveness claim asserted in the § 2255 motion. Rather, Movant argues that the Magistrate did not have a "factual basis" to summarily conclude that his predicate convictions for carjacking qualified as crimes of violence

under the elements clause of §924(c) because the transcripts of the plea proceedings were not before the Court. Movant now asserts actual innocence and challenges the validity and voluntariness of Movant's plea based on the Government's factual proffer.

However, as the Magistrate correctly determined, these claims are legally and factually distinct from the claim raised in the initial § 2255 motion; i.e., ineffective assistance of counsel for failure to argue that carjacking is not a viable crime of violence to support the § 924(c) offense charged in Count 5. Instead, these are new claims that challenge the legal sufficiency of Movant's guilty pleas to Counts 1, 2 and 5. The claims are untimely because they were filed more than one year after Movant's conviction became final on April 23, 2017 and do not relate back to his initial claim. *See Mayle v. Felix*, 545 U.S. 644, 657 (2005) (stating that relation back is only allowable "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (new claims in amended § 2255 motion will relate back and be considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion). Accordingly, Movant's objections are without merit and further amendment to the § 2255 motion would be futile. Upon a *de novo* review of the record, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Reid's Report and Recommendation (DE 23) is **AFFIRMED** and **ADOPTED**. The motion (DE 1) is **DENIED.** Movant's objections (DE 27, 32) are **OVERRULED**. No certificate of appealability shall issue. The Clerk is directed to mark this case **CLOSED** and **DENY** pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of September, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE